**Henry B. EARTHMAN, Appellant (Defendant below),**

v.

**Helen E. EARTHMAN, Appellee (Plaintiff below).**

No. 3856.

Supreme Court of Wyoming.
Nov. 4, 1970.

———————◆———————

Hufsmith & Gowen, Gary E. Gowen, Jackson, for appellant.

Robert B. Ranck of Simpson, Kepler, Simpson & Ranck, Jackson, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

In an action prior to that in which this controversy arose, plaintiff had been granted a divorce from defendant. The present case was initiated by Helen E. Earthman against her former husband, Henry B. Earthman, seeking to enjoin him from making telephone calls to her. She also sought damages. After personal service of the summons on defendant, the filing of an answer by him, and a motion by her for temporary injunction, the court on stipulation of the parties entered an order enjoining and restraining him from calling plaintiff during the pendency of the action. Less than thirty days thereafter, plaintiff filed an affidavit alleging defendant's breach of the injunction, whereupon the court issued an order for him to show cause why he should not be punished for contempt, which order was served by mail upon his counsel. On the day set, he failed to appear either in person or by counsel, and the court found against him, ordered that he pay a fine of $250 and be committed to jail for fifteen days. This appeal has resulted.

Both parties indicate that § 1–866, W.S. 1957, was or should have been the authority under which the court's order was entered. This statute has been essentially the same since its first passage in territorial days and this court has already spoken regarding it in Laramie Nat. Bank of Laramie City v. Steinhoff, 7 Wyo. 464, 53 P. 299, where we discussed the distinction between civil and criminal contempts and with specific reference to the statute said, 53 P. at 301, it was clearly remedial in character, and, quoting from another authority, indicated prosecutions for contempt when put on foot for the purpose of affording relief between parties to a cause in chancery are civil, sometimes called remedial, and that such a prosecution is to all intents and purposes between the party insisting upon obedience to the injunction and the one charged with its violation.

 This being a civil proceeding, in the absence of the court's requiring service upon the party, it was properly made upon defendant's attorney. Rule 5, W.R.C.P. Even though the court thus had jurisdiction of defendant, the order from which the appeal is taken exceeds the authority granted by the statute in its provision that "such party may be required by the court or judge to pay a fine not exceeding two hundred dollars for the use of the county, * * * and to give further security to obey the injunction or restraining order, and *in default thereof,* he may be committed to close custody until he *complies with such requirements,* or is otherwise legally discharged." (Emphasis supplied.) Appellee so admits. Accordingly, the order must be reversed.

Reversed.